**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TERESA GIPSON<br>  Plaintiff, | )<br>)<br>) | Case No.: |
| V. | )<br>)<br>) | |
| FOUR COUNTY COMPREHENSIVE<br>MENTAL HEALTH CENTER INC<br>d/b/a FOUR COUNTY d/b/a<br>FOUR COUNTY COUNSELING CENTER<br>  Defendant. | )<br>)<br>)<br>)<br>) | <br><br><br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff, Teresa Gipson, by counsel, and for her complaint against Defendant, Four County Comprehensive Mental Health Center Inc. (Four County) and states as follows:

### NATURE OF THE CASE

1. This action is brought pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 201, *et seq.*) ("ADEA"), the American's with Disabilities Act (42 U.S.C. § 12101, *et seq.*) ("ADA"), and the Employee Retirement Income Security Act (29 U.S.C. § 1001, *et seq.*) ("ERISA").

2. Plaintiff alleges that Defendant intentionally discriminated against her in violation of the ADEA, the ADA, and ERISA when it terminated her employment.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by the raising of federal questions of law by the Plaintiff and pursuant to 29 U.S.C. § 206.

4. The claims for relief arise in the State of Indiana, and more specifically, in Cass County and, therefore, under 28 U.S.C. § 1391 (b), which allows for an action to be brought in

1

the district where the cause of action arose, the Northern District of Indiana is proper venue for this cause of action.

5. That the Plaintiff is a woman over the age of forty (40) and a resident of Indiana.

6. The Defendant is duly registered to conduct business in Indiana.

7. At all relevant times, Defendant was engaged in an industry affecting commerce, as defined in the ADA and employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times, Defendant was engaged in an industry affecting commerce, as defined in the ADEA and employed twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## STATEMENT OF FACTS

9. Plaintiff was employed with Defendant from July 2006 to the present.

10. At all relevant times Plaintiff has been employed as a Client Care Specialist.

11. The Plaintiff's adult son has a disability (Crohn's Disease) and was a dependent on the Plaintiff's employer-provided healthcare coverage.

12. On August 12, 2014, Plaintiff's son came to visit her at work while employed with Defendant. Plaintiff's son had a holstered pistol on his person, which he was licensed to carry from the State of Indiana. Plaintiff was unaware of her son carrying the weapon at that time.

13. At some point, Parker Terry ("Terry") and Andrea Baker ("Baker") observed the weapon. Terry and Baker are both employees of Defendant and substantially younger in age than Plaintiff.

14. Terry informed Plaintiff that her son was carrying a pistol and Plaintiff immediately told her son to leave the building.

15. Once the Plaintiff's son was off the property the incident was reported by Terry to the Plaintiff's supervisor, Jenny Craig.

16. Neither Plaintiff, nor Baker reported the incident.

17. The following day Plaintiff was terminated by Defendant for failing to report a violation of the "No Weapon Policy 28.1009A."

18. Andrea Baker, who observed the weapon and also did not report the purported violation of weapons policy, was given a written warning, but not terminated.

19. A plain reading of the "No Weapon Policy 28.1009A" shows that Plaintiff, who instructed her son to leave the building, did not violate the policy.

20. At the time of Plaintiff's termination, Defendant, and in particular, Plaintiff's supervisor, Jenny Craig, had knowledge that Plaintiff's son was disabled and dependent on Plaintiff's employer-provided health insurance.

21. Upon information and belief, Baker did not have a disabled son who was dependent on Defendant's health insurance.

22. Plaintiff's son's medical care is very expensive and raising the costs for Defendant to provide health insurance to its employees.

23. On or before September 19, 2014, Plaintiff timely filed a charge of age discrimination and disability discrimination with the EEOC.

24. On May 18, 2015, the EEOC issued the Plaintiff's Notice of Right to Sue.

## AGE DISCRIMINATION

25. The Plaintiff hereby incorporates the preceding paragraphs of her Complaint.

26. Plaintiff was terminated while a substantially younger employee was given a written warning for the same incident.

27. The Defendant's actions have been intentional, willful, and taken in reckless disregard of her legal rights as protected by the Age Discrimination in Employment Act (29 U.S.C. § 201, *et seq.*).

28. As a result, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## DISABILITY DISCRIMINATION

29. The Plaintiff hereby incorporates the preceding paragraphs of her Complaint.

30. Plaintiff was terminated while a younger non-disabled employee who did not have a disabled son was given a written warning for the same incident.

31. The Defendant's actions have been intentional, willful, and taken in reckless disregard of her legal rights as protected by the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*).

32. As a result, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## ERISA DISCRIMINATION

33. The Plaintiff hereby incorporates the preceding paragraphs of her Complaint.

34. Plaintiff, who claimed a disabled son on her company health insurance, was terminated from her job. Another employee, who did not have a disabled dependent covered on her employer health insurance, received a written warning for the same incident.

35. Defendant's actions have been intentional, willful, and taken with the intent to interfere with her right to provide health insurance to her son, a right protected by Section 510 of ERISA.

36. As a result, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Teresa Gipson, prays for a judgment in her favor against Defendant and for the following relief:

a. Order Defendant to make Plaintiff whole by providing appropriate back and front pay for actual damages with pre-judgment and post-judgment interest, in an amount to be determined at trial, and all other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, Plaintiff's pecuniary losses;

b. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in an amount to be determined at trial, including emotional pain, suffering, inconvenience, and loss of enjoyment of life;

c. Order Defendant to pay Plaintiff compensatory damages, including emotional distress and anxiety, and punitive damages for its malice and reckless indifference to her civil rights;

d. Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

e.  Award Plaintiff the costs of this action including reasonable attorney's fees, costs and any such further relief as the Court may deem just, proper and equitable, and;

f.  Grant such further relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

\_\_\_/s/Mark K. Leeman_____
Mark K. Leeman, #29109-09
412 E. Broadway
Logansport, IN 46947
574-722-3881
Email: markleeman@leemanlaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

\_\_\_/s/Mark K. Leeman_____
Mark K. Leeman, #29109-09
412 E. Broadway
Logansport, IN 46947
574-722-3881
Email: markleeman@leemanlaw.com