UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERESA GIPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | 3:15CV360-PPS/CAN |
|  | ) |  |
| FOUR COUNTY COMPREHENSIVE | ) |  |
| MENTAL HEALTH CENTER, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Teresa Gipson worked as a Client Care Specialist for Four County Comprehensive Mental Health Center, Inc. from July 2006 until her termination on August 13, 2014. She has filed a complaint alleging that her termination was an act of age discrimination, disability discrimination and interference with her rights under the Center's health insurance plan subject to the Employee Retirement Income Security Act. The Center has filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). For purposes of a motion to dismiss, I take as true all the well-pleaded facts alleged in the complaint, and draw all inferences from those facts in the light most favorable to Gipson. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007).

The complaint is brief and simple, alleging these facts. On August 12, 2014, Gipson's adult son came to visit her at the Center with a holstered pistol on his person. Gipson was unaware of the gun, which the son was licensed to carry. Two of Gipson's co-workers, Parker Terry and Andrea Baker, saw the weapon and told Gipson about it. She immediately told her son to leave the building. Afterward, Parker Terry reported

the incident to Gipson's supervisor, Jenny Craig. The next day, Gipson's job was terminated for failing to report a violation of the "No Weapon Policy 28.1009A." Baker, who had also observed the violation of the No Weapon Policy and failed to report it, was given a written warning, but not terminated.

Plaintiff contends that because she instructed her son to leave the building she clearly did not violate the No Weapon Policy. Gipson's son has Crohn's Disease, is disabled, and was a covered dependent under her employer-provided healthcare insurance. Gipson's supervisor Craig knew that Gipson's son was disabled and covered under Gipson's health plan. The son's medical care is very costly and Gipson alleges that his coverage under the Center's health plan "rais[ed] the costs for Defendant to provide health insurance to its employees." [DE 1 at ¶22.] Baker, who was not terminated though guilty of the same policy violation as Gipson, is substantially younger than Gipson and had no disabled son covered under the Center's health insurance policy.

### *Sufficiency of the Pleading*

The Center challenges the sufficiency of Gipson's pleading of each of her three claims of unlawful termination. In effect, the arguments require me to determine whether the straightforward complaint is *too* simple or threadbare, and lacks what is required to meet federal pleading standards. To survive a challenge based on the federal rules' pleading requirements, a complaint must "give enough factual information to 'state a claim to relief that is plausible on its face.'" *Defender Security Co.*

v. *First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

The pleading is adequate to survive the Center's challenge. "[A] plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763–64 (7th Cir. 2010) (internal quotes omitted) (citing *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081, 1083 (7th Cir.2008). Gipson alleges that she was terminated for a bogus policy violation and that a co-worker who was guilty of the same conduct but is younger and does not have the same expensive employer-based medical coverage for a disabled child received only a disciplinary warning. These allegations provide enough factual information to state plausible claims of discrimination based on age, disability and ERISA interference. *Everett v. Cook County*, 655 F.3d 723, 728 (7th Cir. 2011) ("an employer's failure to abide by its own internal procedures may, combined with other evidence, raise the specter of discriminatory animus"); *Jackson v. VHS Detroit Receiving Hospital, Inc.*, __ F.3d __, 2016 WL 700411 at *6 (7th Cir. Feb. 23, 2016) (examining a reasonable inference of discriminatory motive based on differential discipline).

The Center's *Twombly* arguments are an exercise in nitpicking, and they're not particularly persuasive at that. In its reply, the Center suggests that facts Gipson "itemizes in her Response do not appear anywhere on the face of her Complaint." [DE

18 at 8.] Even if this were so, "nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove." *Defender Security*, 803 F.3d at 335. But the examples the Center raises are flawed, in any event.

For instance, the Center argues that the disability discrimination claim "fails to include any mention of the alleged costs or expenses" of Gipson's son's medical care. [DE 18 at 10.] But even assuming such an allegation is necessary, the complaint plainly alleges that "Plaintiff's son's medical care is very expensive and rais[es] the costs for Defendant to provide health insurance to its employees." [DE 1 at ¶22.] Similarly, the Center criticizes the complaint for failing to plead facts suggesting that her termination was contrary to the strict No Weapons policy. [DE 18 at 11.] To the contrary, the complaint expressly alleges that "[a] plain reading of the 'No Weapon Policy 28.1009A' shows that Plaintiff, who instructed her son to leave the building, did not violate the policy." [DE 1 at ¶19.] The Center's challenges based on inaccurate characterizations of Gipson's pleading fail to support dismissal of the complaint.

The Center attacks the complaint for failing to state a claim of age discrimination using direct evidence or under an indirect theory. [DE 18 at 11.] But "[e]ven with respect to elements of the plaintiff's claim, complaints need not plead facts or legal theories." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). The Supreme Court has rejected heightened pleading standards in employment discrimination cases, and held that "an employment discrimination plaintiff need not

4

plead a prima face case of discrimination." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002).

Although simple and brief, Gipson's complaint contains sufficient plainly-stated facts to support plausible claims that her termination was unlawfully based on her age, her son's disability, and/or an effort to interfere with her continued coverage under the Center's ERISA health insurance plan. An inference of unlawful discriminatory motive could be supported by Gipson's allegation that lesser discipline for the same policy violation was meted out to a younger co-worker without a disabled child, plus the assertion that Gipson's conduct did not in fact constitute a violation of the workplace policy cited as the basis for her termination. The complaint is not subject to dismissal for failure to state claims upon which relief could be granted.

### *ERISA Exhaustion*

The Center also contends that Gipson's ERISA claim is subject to dismissal because she failed to exhaust her administrative remedies before filing the claim in court. The ERISA statute governs what are called employee welfare benefit plans, including employer-sponsored health insurance plans. ERISA makes it unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against" a participant in such a plan for exercising her rights under the plan or the law, or "for the purpose of interfering with the attainment of any right" under ERISA or the particular plan. 29 U.S.C. §1140. Gipson's ERISA claim appears to be based on the second of these

5

statutory clauses because she claims the Center's actions were "taken with the intent to interfere with her right to provide health insurance to her son." [DE 1 at ¶35.]

The Seventh Circuit is among the courts that have held ERISA claims should be presented for administrative review to the plan administrator before being brought to federal court because "Congress's apparent intent in mandating internal claims procedures found in ERISA was to minimize the number of frivolous lawsuits, promote a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). Nonetheless, rather than set administrative exhaustion as a mandatory requirement, the Seventh Circuit has held that "the decision to require exhaustion as a prerequisite to bringing a federal lawsuit is a matter within the discretion of the trial court and its decision will be reversed only if it is obviously in error." *Id.*

But using language that makes exhaustion sound less optional, the Court of Appeals has also identified two exceptions to the exhaustion requirement: "(1) where there has been a lack of meaningful access to the review procedures; and (2) where exhaustion would be futile." *Wilczynski v. Lumbermens Mutual Casualty Co.*, 93 F.3d 397, 402 (7th Cir. 1996). At times, the Seventh Circuit doesn't use optional language at all: "As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies." *Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 679 (7th Cir. 2002).

6

Gipson argues that the exhaustion requirement is unnecessary or inappropriate for claims like hers which allege statutory violations rather than dispute ERISA plan interpretation or claim decisions. In *Lindemann*, the Seventh Circuit affirmed a summary judgment against a plaintiff who had not administratively exhausted her claim that she'd been terminated to interfere with her right to ERISA plan benefits. *Lindemann*, 79 F.3d at 651. Lindemann argued that "where the plaintiff's claim is for wrongful discharge and she is seeking only reinstatement and back pay, an administrator's interpretation of the plan is irrelevant and the exhaustion requirement is thus useless." *Id*. at 649. She cited cases from the Third, Ninth and Tenth Circuits distinguishing claims for benefits from statutory claims, and requiring administrative exhaustion only for the former. *Id*. at 650.

All of that makes sense to me, but the Seventh Circuit in *Lindemann* concluded that some functions of the exhaustion requirement – such as encouraging private claims resolution rather than litigation, reducing frivolous lawsuits, and enabling plan fiduciaries to assemble a factual record that would be helpful for any later court review – are served by requiring administrative exhaustion even of statutory claims. *Id*. For that reason, the Court of Appeals would not reverse the district court's grant of summary judgment because the decision to require exhaustion was within the trial court's discretion and not obviously in error. *Id.*

But we are at the motion to dismiss stage here, and "[f]ailure to exhaust…is not an element of a claim under ERISA,…it is an affirmative defense." *Lange v. The*

7

*University of Chicago*, 2015 WL 7293588 at *2 (N.D.Ill. Nov. 19, 2015), quoting *Potter v. ICI Americas, Inc.*, 103 F.Supp.2d 1062, 1065 (S.D.Ind. 1999). Gipson's complaint does not and need not contain any allegations concerning exhaustion, and does not "plead herself out of court" by expressly establishing an affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Northern Trust*, 372 F.3d at 888. Without additional information -- such as what review process is provided for in the pertinent ERISA plan -- I am not in a position to make a sound judgment about the necessity of exhaustion of Gipson's ERISA-based wrongful termination claim. "Accordingly, this court could consider [the] defense of failure to exhaust only as part of a motion for summary judgment, in which the court considered documents outside the scope of the pleadings." *Moore v. ABB Power T&D Co., Inc.*, 2000 WL 1902185 at *2 (S.D.Ind. Dec. 13, 2000) [Hamilton, J.]. I am not persuaded to dismiss Gipson's ERISA claim for failure to administratively exhaust.

    **ACCORDINGLY:**

Defendant Four County Comprehensive Mental Health Center, Inc.'s Motion to Dismiss [DE 11] is DENIED.

    **SO ORDERED**.

    ENTERED: March 16, 2016

                                        /s/ Philip P. Simon
                                     **PHILIP P. SIMON, CHIEF JUDGE**